IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 08-018S |
| | ) | |
| DAMIN THOMPSON | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

The government objects to a continuance in this case because the ends of justice served by granting the continuance do not outweigh the best interest of the public in a speedy trial.

FACTS

On January 10, 2008, agents were attempting to execute a state arrest warrant for the defendant, Damin Thompson. The state arrest warrant was for the sale of a controlled substance, crack cocaine. The defendant, Damin Thompson, was known to have several felony convictions. He has been convicted of both a federal and state offenses, including possession of a controlled substance (P2/88-3772A), carrying a pistol without a license (P2-89-4816A), manslaughter and carrying a pistol without a license (P1-91-0693A), and felon in possession of a firearm and ammunition.

Based upon information that the defendant was staying at 174 Daboll Street, Apt. D, Providence, RI, agents set up surveillance on 174 Daboll Street, Apt. D, on January 10, 2008. While agents were conducting surveillance, they observed the defendant

entering 174 Daboll Street, Apt. D. At that time, the case agent, SA Edward Troiano, requested assistance from the Providence Police Department. Providence Police arrived several minutes later. SA Troiano knocked loudly on the door to Apt. D and yelled several times, "Police, open the door". No one responded to his knocking. At that time, agents entered the residence.

After entering Apt. D, SA Troiano observed the defendant standing in a bedroom doorway. He ordered the defendant to raise his hands. The defendant dropped a small object to the ground and raised his hands. The defendant was handcuffed and searched. SA Troiano seized the object, which was laying next to the defendant's feet. This substance was sent to the Rhode Island Forensic Science Laboratory where it was determined to weigh 6.56 grams and contain cocaine base.

At that time, SA Troiano spoke with Cari Tolson, who stated that the residence belonged to her. He asked Ms. Tolson for consent to search the residence and she gave her consent. Several minutes later, she signed a written consent form. Officers began a search of the residence. In the same bedroom in which SA Troiano had observed the defendant, officers found a large, clear, plastic bag containing several, smaller plastic bags. The substance inside these bags was later determined to be crack cocaine. The crack was sent to the Rhode Island Forensic

Science Laboratory where it was determined to contain cocaine base and weigh 31.51 grams.

After arresting the defendant, he was taken to the ATF Field Office in Providence. At the office, SA Troiano advised him of his constitutional rights, which he waived orally and in writing. The defendant admitted that both quantities of crack cocaine were his. The defendant gave SA Troiano a recorded statement as well.

## ARGUMENT

The Court should deny the defendant’s motion for continuance because the defendant has had ample time to prepare for trial. The defendant was arrested by complaint on January 11, 2008. He has been represented by the same counsel since that time. On February 1, 2008, the government provided the defendant with discovery, and supplemented this discovery on February 19, 2008, March 12, 2008, March 19, 2008. This case is neither unusual nor complex and it does not involve a novel question of law. Furthermore, the case has already been continued once for a period of 60 days pursuant to a joint request of the parties.

It does not appear as though additional time will allow the parties to work out a resolution to this case. Plea negotiations are at a standstill. The government provided the defense counsel with a plea agreement on February 5, 2008 in which the government offered to refrain from filing an enhancement pursuant to 21 U.S.C. § 851 if the defendant agreed to plead guilty to an

information, to not to seek a variance from the guideline range, and to waive his appellate rights. The defendant rejected the government's offer and the government proceeded to grand jury. On March 12, 2008, the government once again offered to not file an enhancement in return for a the defendant's plea of guilty, his agreement not to seek a variance, and his waiver of his appellate rights. The defendant formally rejected the government's offer on March 28, 2008.

CONCLUSION

Based upon the above-stated reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Sandra R. Beckner
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2007, a copy of the within "Government's Response to Defendant's Motion for Continuance" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ Sandra R. Beckner
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov