UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR08-0018 S |
| | ) | |
| DAMIN THOMPSON | ) | |

---

MOTION TO PRODUCE INFORMANT

Now comes Damin Thompson, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), *Roviaro v. United States*, 353 U.S. 53 (1957), and Federal Rules of Criminal Procedure Rule 16, to order the government to disclose the identity of the informant (cooperating witness) used by law enforcement in this case. Mr. Thompson also requests the disclosure of the name of the government agent tasked with supervising this cooperating witness. Mr. Thompson submits the attached memorandum in support of this motion.

Respectfully submitted
Damin Thompson
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on April 18, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR08-0018 S |
| | ) | |
| DAMIN THOMPSON | ) | |

MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE INFORMANT

Mr. Thompson has moved for disclosure of the identity of the informant (cooperating witness) used by law enforcement in this case pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), *Roviaro v. United States*, 353 U.S. 53 (1957), and Federal Rules of Criminal Procedure Rule 16.

I. Facts

The government has alleged in its filings that members of the Providence Police and ATF arrested Mr. Thompson on January 10, 2008, pursuant to an outstanding arrest warrant.

Agents started investigating Mr. Thompson in September, 2007. Using a cooperating witness ("CW") it was able to orchestrate a cocaine purchase on September 19, 2007, from a black male known as "D". Agents did not arrest D that day, but, instead, continued their surveillance because the CW had previously told the agents he believed D to be in possession of firearms. This continued surveillance resulted in the identification of D as Mr. Thompson pursuant to a bogus traffic stop ruse on October 3, 2007. Agents directed a Providence uniformed cruiser to stop Mr. Thompson for the sole purpose of identifying him. After reviewing his ID the police released Mr. Thompson; presumably because there was no basis for the stop.

The surveillance continued for the next three months. The agents did not, however, discover any criminal activity during this time and did not make any additional cocaine purchases. The agents did secure an arrest warrant for the September sale, using the Pawtucket Police and the State District

Court, on December 13, 2007. The agents did not, however, act on that warrant for another month. They did keep surveillance on Mr. Thompson during this time, but chose not to execute the warrant until January 10 after watching him return to and enter his home. The government further alleges discovering and seizing the subject cocaine here during the execution of the arrest warrant and subsequent search of Mr. Thompson's home at 174 Daboll Street in Providence.

## II. Argument

The government must disclose the identity of informants when they are material witnesses to an alleged criminal act. *See Roviaro*, 353 U.S. at 60-61; *United States v. Robinson*, 144 F.2d 104, 106-07 (1st Cir. 1998). *See also United States v. Perez*, 299 F.3d 1, 3-4 (1st Cir. 2002). The premier consideration is the level of the informant's involvement in the alleged conduct; mere tipster or active participant. *Id*. The Court must weigh the CW's participation and knowledge along, with the defendant's right to be sentenced on accurate facts[1], against a potential claim by the government to shield the CW's identity. *Id*. Here, the CW played an integral part in the instigation of the government's investigation of Mr. Thompson. He allegedly told agents that Mr. Thompson trafficked in cocaine and also possessed firearms. He allegedly participated in a controlled buy of cocaine from Mr. Thompson. Although Mr. Thompson is not charged with the September, 2007, drug transaction involving the CW, the CW remains a material witness here because he did provide substantial information and assistance to the government investigation which culminated in the arrest of Mr. Thompson on January 10, 2008. The fact that the CW here does not fit the example in *Roviaro* exactly does not alleviate the government's obligation to provide this information whether it is discoverable under Rule 16 or Constitutionally required as exculpatory. The pre-trial order entered in this matter specifically compels disclosure of **all** material or information within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972) (promises of consideration to an informant must be disclosed to defendant), as well as any information which tends to negate the guilt of the accused. (*See Brady v. Maryland*, 373 U.S. 83 (1963); *Giles v. Maryland*, 386 U.S. 66 (1967)). The government has indicated it understands its obligations under *Brady* and its continuing duty to

---

[1] A defendant is entitled under due process to be sentenced on accurate facts. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

provide exculpatory evidence in this case, and should be required to comply with this request.

## III. Conclusion

For all of these reasons the Court must grant this motion and order the government to disclose the requested information.

Respectfully submitted
Damin Thompson
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on April 18, 2008.

/s/ Kevin J. Fitzgerald