UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0018S |
| | ) | |
| DAMIN THOMPSON | ) | |

MOTION TO COMPEL DISCOVERY

Now comes Damin Thompson, the Defendant in the above captioned matter, and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure to compel the government to produce specific items, listed below, already requested. Mr. Thompson also moves for disclosure of this information to the extent that it is exculpatory in nature. As grounds thereto, Mr. Thompson states that the government has not provided these items in discovery that are material and necessary to his defense, they are in the government's possession or control, and not otherwise available to Mr. Thompson. Mr. Thompson seeks the following:

1. All police reports documenting and relating to an alleged controlled substance purchase by a government agent/cooperating witness from Mr. Thompson on September 19, 2007, which resulted in the arrest warrant executed in this matter;
2. All police reports documenting and relating to the spurious car stop of Mr. Thompson conducted by the Providence Police on October 3, 2007, which the government used as a sham to identify Mr. Thompson ultimately for the arrest warrant; and
3. All reports, statements, notes, or other tangible documentation detailing the extensive surveillance of Mr. Thompson from September, 2007, until the time of his arrest in January, 2008.

Mr. Thompson contends that these items, to the extent that they exist, must be produced by the Government pursuant to Rule 16, the pretrial discovery order, and due process.

Respectfully submitted
Damin Thompson
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on April 18, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0018S |
| | ) | |
| DAMIN THOMPSON | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Mr. Thompson has moved, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Court's pretrial order, that the Court order the government to produce certain discoverable items in its possession so that he may adequately prepare his defense in this matter. Mr. Thompson has requested these items both generally and specifically, and is due this discovery as a matter of due process.

## I. Facts

The government has alleged in its filings that members of the Providence Police and ATF arrested Mr. Thompson on January 10, 2008, pursuant to an outstanding arrest warrant.

Agents started investigating Mr. Thompson in September, 2007. Using a cooperating witness ("CW") it was able to orchestrate a cocaine purchase on September 19, 2007, from a black male known as "D". Agents did not arrest D that day, but, instead, continued their surveillance because the CW had previously told the agents he believed D to be in possession of firearms. This continued surveillance resulted in the identification of D as Mr. Thompson pursuant to a bogus traffic stop ruse on October 3, 2007. Agents directed a Providence uniformed cruiser to stop Mr. Thompson for the sole purpose of identifying him. After reviewing his ID the police released Mr. Thompson; presumably because there was no basis for the stop.

The surveillance continued for the next three months. The agents did not, however, discover any criminal activity during this time and did not make any additional cocaine purchases. The agents did secure an arrest warrant for the September sale, using the Pawtucket Police and the State District Court, on December 13, 2007. The agents did not, however, act on that warrant for another month.

They did keep surveillance on Mr. Thompson during this time, but chose not to execute the warrant until January 10 after watching him return to and enter his home. The government further alleges discovering and seizing the subject cocaine here during the execution of the arrest warrant and subsequent search of Mr. Thompson's home at 174 Daboll Street in Providence.

II. Argument

Mr. Thompson has requested discovery pursuant to the Court's pretrial order and Rule 16. The government must produce documents, among others, that are material to the defense, that the government might use at trial, and that are exculpatory in nature.[1] *See* Fed. R. Crim P. 16 (2007). The items sought here by Mr. Thompson fall into one or more of those categories and the Court must order the government to produce those items.

Particular to this motion, the rule provides for the production of items that are material to the preparation of the defense. *See* Fed. R. Crim P. 16(a)(1)(E). Material here means information which relates to and has real importance to the alleged incident. The items now demanded in this motion are material because they contain information comprising the full extent of the allegations. The alleged drug transaction in September is the basis for the executed arrest warrant and is the basis for the agents entering Mr. Thompson's home. The fictitious car stop added to the basis for the warrant and the entry. The agents' surveillance of Mr. Thompson supports their execution of the warrant. The items requested are therefore material to Mr. Thompson's defense.

The government responded to this request in letter stating that the information sought "[is] neither relevant nor discoverable" because it had not charged Mr. Thompson with any crimes from September, 2007, through the arrest date. The government's position is not supportable. The government cannot draw a line in the sand of its investigation and state everything that happened before a particular time is irrelevant and not discoverable; that is not the standard. It is also difficult to comprehend how the government can carry on a four month investigation of Mr. Thompson's drug trafficking activities (or lack thereof) which culminates into Mr. Thompson's arrest associated with

---

[1] Exculpatory evidence here means evidence including information that is favorable to the accused and material to either guilt or innocense, and also including impeachment information. *Moreno-Morales v. United States*, 334 F.3d 140, 145-46 (1st Cir. 2003) (discussing exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Giglio v. United States*, 405 U.S. 150 (1972)).

the alleged drug trafficking and then state that the current charge, an allegation of drug trafficking, has nothing to do with its extended investigation and the prior alleged sale of cocaine. No reasonable argument can be made that this arrest and the entire investigation are not interrelated.[2] The government also makes a half-hearted assertion that it has already provided "open file" discovery to Mr. Thompson. Again, this position does not meet the discovery standard. The fact that the individual prosecutor in this case does not have particular information does not mean that it is not within in the control of the government, does not mean that it is not discoverable, and does not diminish its materiality.

## III. Conclusion

The Court must grant this motion because the items sought are material, basic, and germane to this case, and must be disclosed pursuant to discovery rules, the Court pre-trial order, and Mr. Thompson's due process rights under the Constitution.

Respectfully submitted
Damin Thompson
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on April 18, 2008.

/s/ Kevin J. Fitzgerald

---

[2] In fact, ATF reports (already provided in discovery), trace the arrest and current prosecution all the way back to September, 2007, when the instant investigation began.