IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 08-018S |
| | ) | |
| DAMIN THOMPSON | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

The Court should deny the defendant's motion to compel because he seeks reports and notes related to a state charge which is not part of this prosecution. Specifically, the defendant seeks reports and notes regarding his sale of crack cocaine to a cooperating witness in September 2007. In this case, however, the defendant is charged with possessing crack cocaine with the intent to distribute on January 10, 2008. The defendant's prior sale of crack cocaine is not intrinsic to the instant prosecution, nor is it an incident for which the government has given notice pursuant to Fed. R. Evid. 404(b).

FACTS

On January 10, 2008, agents were attempting to execute a state arrest warrant for the defendant, Damin Thompson. The state arrest warrant was for the sale of crack cocaine on September 19, 2007, which is the subject of a pending state prosecution against the defendant.[1] Based upon information that

[1] A copy of the arrest warrant was provided to the defendant in discovery.

the defendant was staying at 174 Daboll Street, Apt. D, Providence, RI, agents set up surveillance. While agents were conducting surveillance, they observed the defendant enter 174 Daboll Street, Apt. D. At that time, the case agent, SA Edward Troiano with the Bureau of Alcohol, Tobacco, and Firearms (ATF), requested assistance from the Providence Police Department. Providence Police arrived several minutes later. SA Troiano knocked loudly on the door to Apt. D and yelled several times, "Police, open the door". No one responded to his knocking. At that time, agents entered the residence.

After entering Apt. D, SA Troiano observed the defendant standing in a bedroom doorway. He ordered the defendant to raise his hands. The defendant dropped a small object to the ground and raised his hands. The defendant was handcuffed and searched. SA Troiano seized the object, which was laying next to the defendant's feet. This substance was sent to the Rhode Island Forensic Science Laboratory where it was determined to weigh 6.56 grams and contain cocaine base.

At that time, SA Troiano spoke with Cari Tolson, who stated that the residence belonged to her. He asked Ms. Tolson for consent to search the residence and she gave her consent. Several minutes later, she signed a written consent form. Officers began a search of the residence. In the same bedroom in which SA Troiano had observed the defendant, officers found a

large, clear, plastic bag containing several, smaller plastic bags. The substance inside these bags was later determined to be crack cocaine. The crack was sent to the Rhode Island Forensic Science Laboratory where it was determined to contain cocaine base and weigh 31.51 grams.

After arresting the defendant, he was taken to the ATF Field Office in Providence. At the office, SA Troiano advised him of his constitutional rights, which he waived orally and in writing. The defendant admitted that he lived at 174 Daboll Street and that both quantities of crack cocaine were his. The defendant gave SA Troiano a recorded statement as well.

By letter dated February 1, 2008, the government provided the defense with initial discovery. In this letter, the government produced or made available for inspection the following: the defendant's statements, his criminal history, the tangible evidence, and expert notice. Enclosed with the initial discovery letter were copies of all reports of the case agent, SA Troiano, that related to the instant prosecution. Although not required under Fed. R. Cr. P. 16, Fed. R. CR. P. 26.2, and 18 U.S.C. § 3500, the government also provided the defense with copies of reports authored by SA Troiano that related to the September/October 2007 investigation of the defendant which are the subject of the state prosecution. In this initial discovery, the government provided the defendant with copies of his criminal

history, the arrest warrant, Ms. Tolson's consent to search, the Statement of Cari Tolson, and the defendant's rights waiver form.

As more materials were received by the U.S. Attorney's Office, the government supplemented its discovery. On February 19, 2008, the government provided the defendant with a copy of the laboratory report. On March 12, 2008, the government provided the defendant with a copy of the toxicology request, and on March 19, 2008, the government provided the defendant with a copy of his recorded statement, a disc containing photographs, and the notes of SA Troiano. The government has also invited the defendant to inspect its file excluding work product.

The defendant now seeks the Pawtucket Police reports, statements, and notes relating to the defendant's sale of crack cocaine in September 2007, the reports, statements, and notes regarding an October 2007 car stop of the defendant, and any surveillance notes from the fall of 2007. Neither the undersigned Assistant United States Attorney, nor the ATF case agent are in possession of the Pawtucket Police Department reports relating to events that occurred in the fall of 2007.

LAW

"In federal criminal trials, defense access to government evidence that is exculpatory or helpful in impeaching government witnesses is governed by a set of statutory and rule-based requirements elaborated through much doctrine." United States v.

Henry, 482 F.3d 27, 30 (1st Cir. 2007). Fed. R. Cr. P. 16 governs discovery in a federal criminal trial. Specifically, Fed. R. Cr. P. 16(a)(1)(A)-(C) require disclosure of the defendant's statements; Fed. R. Cr. P. 16(a)(1)(D) requires disclosure of the defendant's criminal record; Fed. R. Cr. P. 16(a)(1)(E) requires disclosure of tangible objects, books and papers; Fed. R. Cr. P. 16(a)(1)(F) requires disclosure of reports of examinations and tests; and, Fed. R. Cr. P. 16(a)(1)(G) requires disclosure of expert witness testimony. In addition to the discovery rules set forth in Fed. R. Cr. P. 16, the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Cr. P. 26.2, govern the production of witness statements.

Federal case law also plays a role in the federal discovery process. Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) address the government's obligations to provide exculpatory and impeaching evidence. See Henry, 482 F.3d at 30 (listing the federal discovery rules). Brady addresses the government's obligation to provide evidence to the defense that is both exculpatory and material; that is, evidence, that if disclosed, creates a reasonable probability of altering the result of the proceeding. See United States v. Caro-Muniz, 406 F.3d 22, 29 (1st Cir. 2005). To be "favorable" to the defendant, the material must either be exculpatory in nature or tend to impeach prosecution witnesses. United States

v. Reyes, 270 F.3d 1158, 1167 (7th Cir. 2001). Exculpatory information is "'supportive of a claim of innocence' to the crimes charged." Id. (quoting United States v. Agurs, 427 U.S. 97, 107 (1976)); see, e.g., United States v. Schneiderhan, 404 F.3d 73, 80 (1st Cir. 2005) (no Brady violation where nondisclosed evidence was irrelevant to the charged crime).

"Brady does not require a prosecutor divulge every scintilla of evidence that might conceivably inure to a defendant's benefit." Reyes, 270 F.3d at 1166; see United States v. Blais, 98 F.3d 647, 651 (1996) (evidence is only material if there is a "reasonable probability" that had it been disclosed the result of the proceeding would have been different). In short, neither Brady nor Giglio create an unfettered right to search through the government's files or to launch a fishing expedition. See Rodriguez, 473 F.3d at 25-26 ("Brady does not, however, establish any 'general constitutional right to discovery in a criminal case. . . ."); Caro-Muniz, 406 F.3d at 29.

ARGUMENT

The defendant claims that Fed. R. Cr. P. 16(a)(1)(E) requires the disclosure of reports, notes, and statements of Pawtucket Police Department officers from September and October 2007. However, his reliance upon Fed. R. Cr. P. 16(a)(1)(E) is misplaced.

The defendant has not shown that the reports of the

Pawtucket Police Department are material to his defense in this case. See Fed. R. Cr. P. 16(a)(1)(E); see also United States v. Carrasquillo-Plaza, 873 F.2d 10, 12-13 (1st Cir. 1989). The defendant is not charged with the September 2007 distribution of crack cocaine; he is charged with possessing 5 grams or more of cocaine base with the intent to distribute on January 10, 2008. The defendant has not explained how reports and other documents related to his sale of crack cocaine in September 2007 will provide a defense to a federal charge of possession with the intent to distribute in January 200, nor has he cited to any law supportive of his requests.

## CONCLUSION

For the above-stated reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Sandra R. Beckner
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008, a copy of the within "Government's Response to Defendant's Motion to Compel" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ Sandra R. Beckner
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov