IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 08-018S |
| | ) | |
| DAMIN THOMPSON | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRODUCE INFORMANT

The government objects to the defendant's motion to produce the informant. The defendant seeks to learn the identity of the individual who purchased crack cocaine from the defendant in September 2007; however, the defendant is not charged with that distribution in this case. Instead, the defendant is charged with possessing 5 grams or more of cocaine base on January 10, 2008. Given that the informant was not a witness to the charged offense, the defendant's motion to produce should be denied.

FACTS

On January 10, 2008, agents executed a state arrest warrant for the defendant, Damin Thompson at 174 Daboll Street, the defendant's residence. The state arrest warrant was for the sale of a controlled substance, crack cocaine, in September 2007.

While agents were conducting surveillance of 174 Daboll Street, they observed the defendant enter 174 Daboll Street, Apt. D. At that time, the case agent, SA Edward Troiano, requested assistance from the Providence Police Department. Providence

Police arrived several minutes later. SA Troiano knocked loudly on the door to Apt. D and yelled several times, "Police, open the door". No one responded to his knocking. At that time, agents entered the residence.

After entering Apt. D, SA Troiano observed the defendant standing in a bedroom doorway. He ordered the defendant to raise his hands. The defendant dropped a small object to the ground and raised his hands. The defendant was handcuffed and searched. SA Troiano seized the object, which was laying next to the defendant's feet. This substance was sent to the Rhode Island Forensic Science Laboratory where it was determined to weigh 6.56 grams and contain cocaine base.

At that time, SA Troiano spoke with Cari Tolson, who stated that the residence belonged to her. He asked Ms. Tolson for consent to search the residence and she gave her consent. Several minutes later, she signed a written consent form. Officers began a search of the residence. In the same bedroom in which SA Troiano had observed the defendant, officers found a large, clear, plastic bag containing several, smaller plastic bags. The substance inside these bags was later determined to be crack cocaine. The crack was sent to the Rhode Island Forensic Science Laboratory where it was determined to contain cocaine base and weigh 31.51 grams.

After arresting the defendant, he was taken to the ATF Field

Office in Providence. At the office, SA Troiano advised him of his constitutional rights, which he waived orally and in writing. The defendant admitted that both quantities of crack cocaine were his. The defendant gave SA Troiano a recorded statement as well.

ARGUMENT

The government has a privilege to withhold the identity of an informer, but that privilege is limited when the "disclosure of an informer's identity . . . is relevant and helpful to the defense . . . or is essential to a fair determination of a cause. . . ." Roviaro v. United States, 353 U.S. 53, 59-60 (1957). The defendant bears the heavy burden of establishing that the identity of the confidential informant is necessary to his defense before he is entitled to disclosure. United States v. Gomez-Genao, 267 F.3d 1, 1 (1st Cir. 2001). In determining whether the defendant met his burden, the court must balance the "accused's right to prepare and present his defense against the public interest in acquiring needed information and the informant's stake in confidentiality." United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002). To meet this burden, the defendant must explain how the informant's testimony would have supported his alleged defense. See United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991).

In deciding whether to order the government to disclose the identity of an informant, the trial court's analysis "begins with

a presumption favoring confidentiality." United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998). When the informant is the "sole participant, other than the accused, in the transaction charged," or in a position to "amplify or contradict crucial testimony of government witnesses," then disclosure may be appropriate. Id. However, when the informant does little more than provide information, the court will almost always deny disclosure. See United States v. Tzannos, 460 F.3d 128, 139 (1st Cir. 2006); Gomez-Genao, 267 F.3d at 3; Robinson, 144 F.3d at 106; Martinez, 922 F.2d at 921.

Here, the informant was neither a participant in the charged crime, nor an observer of it. See Gomez-Genao, 267 F.3d at 3. The defendant has not explained how the informant's testimony would support his alleged defense to a charge of possessing 5 grams or more of crack cocaine on January 10, 2008 when the informant was not present at the scene of the crime. If anything, although the government has not given notice of its intent to introduce the prior distribution as evidence of the defendant's intent, see Fed. R. Evid. 404(b), the informant's testimony regarding his or her purchase of crack cocaine from the defendant in September 2007 seems to be of far greater use to the government than the defendant. Given these facts, the defendant has not met his heavy burden to establish that disclosure of the informant's identity is necessary to his defense.

CONCLUSION

For the reasons stated above, the Court should deny the defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on April 29, 2008, a copy of the within "Government's Response to Defendant's Motion to Produce Informant" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj