```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

```
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
      v.                            )   CR No. 08-018 S
                                    )
DAMIN THOMPSON.                     )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Damin Thompson has filed a motion for reduction of his sentence in the above entitled matter.[1] For the reasons that follow, that motion is denied.

I.  BACKGROUND

In May 2008 Thompson pled guilty, pursuant to a plea agreement, to one count of distributing five grams or more of cocaine base. On January 21, 2009 this Court sentenced Thompson to 84 months imprisonment, substantially below the low end of the applicable guideline range.[2] Thompson did not appeal his conviction or sentence.

---

[1] Thompson's motion does not bear any title and is not expressly based on any rule or statute; he simply asks that this Court "liberally construe this Petition into the proper vehicle it deems necessary in order to grant the relief . . . requested." (Mot. at 1.) This Court construes it as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

[2] At his sentence in January 2009 this Court considered the impact on his sentence of the 2007 amendments to the

1

The instant motion to reduce sentence was filed on the basis of legislation then pending before Congress to reduce crack cocaine penalties. Thompson requests that the motion be held in abeyance pending the passage of the legislation. (Mot. at 6.)

II. DISCUSSION

While the instant motion was pending, Congress enacted the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which reduced the penalties for crack cocaine offenses, so that the disparity in sentencing between offenses involving crack and powder cocaine decreased from 100:1 to approximately 18:1. See United States v. Douglas, 644 F.3d 39, 40-41 (1st Cir. 2011). Thus, the pending legislation on which Thompson relies has become law.[3]

However, the passage of the FSA does not assist Thompson here. Although the First Circuit has not addressed the issue, every Circuit that has done so has

---

crack cocaine sentencing guidelines. See U.S. Sentencing Guidelines Amendments 706, 711 and 713.

[3] To the extent that this claim was based on pending legislation, it would be denied as premature. This Court has no jurisdiction to modify a sentence based on pending legislation. See United States v. Robertson, Nos. Civ-10-76-C, CR-07-56-C, 2010 WL 2082233, at *1 (W.D. Okla. May 21, 2010) (rejecting request to reduce sentence on basis of pending legislation to modify penalties for crack cocaine).

held that the FSA was "not made retroactive" to sentences imposed before its passage, because that Act "contains no express statement that it is retroactive and no such express intent can be inferred from its plain language." United States v. Williams, 413 F. App'x 928, 930 (8th Cir. 2011) (citing cases). Thus, as Williams was sentenced before the Fair Sentencing Act became effective, this Court did not err in imposing the then-existing mandatory minimum sentence to his crack offense.

Although not specifically mentioned by Thompson, the Commission, in response to the FSA, promulgated both an emergency guideline amendment, effective November 1, 2010, see U.S. Sentencing Guidelines Amendment 748, and a proposed permanent guideline amendment, to take effect on November 1, 2011. See U.S. Sentencing Comm'n Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed. Reg. 41332-01 (July 13, 2011).

The emergency guideline amendment, however, is of no assistance to Thompson, as it has not been deemed to be retroactive. See United States v. Ruiz-Gonzalez 427 F. App'x 22, 27 (1st Cir. 2011) (court refused to give retroactive effect to emergency guideline promulgated pursuant to the FSA, in connection with a sentence imposed

3

in 2009). Thus, the emergency guideline would not apply to Thompson's sentence, imposed in 2009.

The Sentencing Commission has recently determined to give retroactive effect to the proposed permanent amendment to the federal sentencing guidelines that implements the FSA, so that unless Congress intervenes, that amendment will be retroactive when it takes effect on November 1, 2011. See Ruiz-Gonzalez, 427 F. App'x at 27. Even if that amendment may be applicable to Thompson's sentence, however, his current motion is premature. See id. (finding an identical request for resentencing under the same proposed guideline to be premature).

Accordingly, because the permanent guideline amendments implementing the FSA have not yet taken effect, this Court does not have jurisdiction to grant the relief requested in the instant motion.[4]

---

[4] Because Thompson was sentenced pursuant to the guidelines governing crack cocaine offenses, U.S. Sentencing Guidelines § 2D1.1, he may, if he wishes, file a new motion seeking relief under the permanent guideline amendments if and when they become effective on November 1, 2011. See Ruiz-Gonzalez, 427 F. App'x 22, 27 (1st Cir. 2011) (noting that "[i]f and when the permanent [guidelines] amendment becomes retroactive, the defendant 'is free to petition for resentencing pursuant to 18 U.S.C. § 3582(c)(2)'" (quoting United States v. Williams, 630 F3d 44, 53 (1st Cir. 2010))).

III. CONCLUSION

In view of the foregoing considerations, Thompson's motion for sentence reduction is hereby DENIED, without prejudice to filing a motion for sentence reduction when the permanent guideline amendment takes effect. This Court takes no position on the merits of any such motion so filed. Thompson's request that his motion be held in abeyance until the permanent guideline amendment takes effect is likewise DENIED.

IT IS SO ORDERED.

/s/ *William E. Smith*
William E. Smith
United States District Judge
Date: October 31, 2011